# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| REGINALD BROWN, | : | Bankruptcy No. 04-30596DWS |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Chapter 13 |
| | : | |
| TONYA CLARK, aka Tt, | : | Bankruptcy No. 04-35004DWS |
| aka TONYA BERGER-CLARK, | : | |
| | : | |
| Debtor. | : | |
| | : | |
| In re | : | Misc. No. 05-03004 |
| | : | |
| GERALD ALSTON, | : | |
| | : | |

# ORDER

**AND NOW**, this 14th day of July 2005, after a hearing on the Motion by Gerald Alston ("Alston") to be relieved of this Court's Orders dated April 26, 2005 and May 4, 2005 in cases no. 04-40596 (Reginald Brown) and 04-35004 (Tonya Clark) holding Alston in contempt and barring him from filing any new cases in this Court;[1]

---

[1] During the pendency of the contempt orders but after Alston filed the Motion, he filed new cases although barred from doing so. He contended that he believed that he had purged the contempt by filing the Motion. While I find that an amazing conclusion to be drawn from the Orders which evidences a total lack of understanding of the seriousness of his misconduct, I nonetheless accept his explanation. I do not find there was a deliberate flaunting of my bar Order.

**And** for the reasons stated on the record, the Court finding the conduct that gave rise to the Orders inexcusable;[2]

**And** this Court reaffirming the decision to order disgorgement of the fees paid by Brown and Clark as well as the fees awarded his opposing counsel, Leslie Carson, Esquire;

It is hereby **ORDERED** that Alston shall make the following payments:

1. Reginald Clark - $995

2. Tonya Clark- $500[3]

3. Leslie Carson -$500

Upon certification of payment of these amounts, Alston shall have purged his civil contempt and be permitted to file petitions in this Court.

DIANE WEISS SIGMUND
Chief U.S. Bankruptcy Judge

---

[2] Alston contended a state court order attaching him to trial relieved him of any responsibility to notify this Court, his clients or opposing counsel of his unavailability and to appear, even in the face of orders that stated to the contrary. Alston did not bring a copy of the order of attachment but on direction from this Court has filed the referenced document now. It is not an order but a letter to him dated **October 4, 2004** from the Director of Criminal Listings of the Court of Common Pleas noting a trial listing on April 11, 2005 and serving as notice of attachment to the U.S. District Court and the other Common Pleas Courts for 30 days. It notes that by reciprocal agreement he will not be scheduled for trial in these courts but states that "**in addition, it is your responsibility to notify any other court that is scheduling your appearance.**" It shows copies to the administrators of these other courts but no reference is made to the bankruptcy court nor is notice given to the bankruptcy court. Aside from the fact that Alston scheduled one of the hearings himself during the 30 day period of attachment and made no attempt even with six months notice to schedule around this obligation, it is incredible that based on this letter he can assert that he had no responsibility to notify this Court, his clients or his opposing attorneys.

[3] This represents a modification of the amount originally ordered based on the record made. Clark did not appear.

cc:  Judge Thomas M. Twardowski
    Judge Bruce I. Fox
    Judge Stephen Raslavich
    Judge Kevin J. Carey
    Timothy B. McGrath, Clerk

Copies to:

Gerald M. Alston, Esquire
125 South 9th Street
Suite 1001
Philadelphia, PA  19107

Tonya Clark
6257 Morton Street
Philadelphia, PA  19144

Reginald Brown
5510 Jane Street
Philadelphia, PA  19138

Leslie J. Carson, Jr., Esquire
6378 Lancaster Avenue
Philadelphia, PA  19151

Dave P. Adams, Esquire
Office of the U.S. Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

William C. Miller, Esquire
Standing Chapter 13 Trustee
P. O.  Box 40119
Philadelphia, PA 19106-0119